HOME HEALTH CARE, INC., Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–1327.

United States District Court, District of Columbia.

July 14, 1982.

empt organizations, such as veterans' organizations.

[1978] *U.S.Code Cong. & Ad.News* 3716, 3719–20.

Philip D. Green and Charles B. Wayne, Washington, D. C., for plaintiff.

Stanley S. Harris, U. S. Atty., Royce C. Lamberth, Wayne P. Williams, Asst. U. S. Attys., Sarah Willis Wilcox, Atty., Office of Gen. Counsel, Dept. of Health & Human Services, Washington, D. C., for defendant.

## MEMORANDUM OPINION

CURRAN, Senior District Judge.

This matter is before the Court on cross motions for summary judgment. The case arises under the Medicare Act, 42 U.S.C. 1395 *et seq.* (1981). The plaintiff, Home Health Care, Inc. (HHC) is a nonprofit corporation located in North Miami Beach, Florida, and is in the business of providing nursing care, physical therapy, and other health care services in the homes of people who find it difficult or impossible to leave home to obtain these services. Almost all of HHC's patients are under the Medicare program. Consequently HHC is fully reimbursed for all of its costs in caring for these patients.

The defendant is the Secretary of Health and Human Services. He is responsible for administering the Medicare program. Day-to-day administration of the program is done by "fiscal intermediaries," which are private organizations, frequently health and accident insurance companies. These organizations enter into contracts with the Secretary and serve as his agent in disbursing funds and auditing the use of funds. In this case Aetna Life and Casualty is the "intermediary."

The plaintiff, HHC, expended certain monies for leased car costs and salaries that Aetna determined were unreasonable or unallowable under Medicare. The plaintiff appealed this decision by Aetna to the Provider Reimbursement Review Board (PRRB). The PRRB sustained Aetna's decisions. The plaintiff appealed the PRRB's decision to the defendant, The Secretary of Health and Human Services. The Secretary refused to review the PRRB decision so it became the final agency action. The plaintiff now seeks to review the agency's action in this Court.

The essential facts are not in dispute. During the fiscal years ending in 1978 and 1979 the plaintiff leased a number of cars for business use. At times as many as six or seven cars were leased. In 1978 the cars were driven approximately 43,547 miles. In 1979 the cars were driven about 41,840 miles. The cost per mile was 40.7 cents for 1978 and 56.6 cents for 1979. Non business use of the cars was approximately 4,000 miles for 1978 and 6,567 miles for 1979. The cars were used about 50% of the time for administrative business use that did not include visiting patients. The intermediary, Aetna, disallowed leased car costs of $10,119 for 1978 and $15,693 for 1979. Aetna determined these amounts by using costs from a study by the American Automobile Association that concluded that 19.6 cents a mile and 21.5 cents a mile were the average costs of operating a car for 10,000 miles in 1978

and 1979. Aetna disallowed the costs in excess of 19.6 cents and 21.5 cents. This amounted to a total of $25,812.00.

A second issue in dispute is the salary and travel costs of an employee hired as a "Community Program Implementor" during fiscal year ending 1979. These costs amount to $4,117.00. It is agreed that if he performed clerical duties in addition to his duties to coordinate services such as meals-on-wheels or patient transportation, the plaintiff should be reimbursed for salary paid for the clerical duties. There is no testimony on record as to the exact extent of his clerical duties.

The plaintiff argues that by disallowing over half of the leased car costs for 1978 and 1979, the government is in effect preventing the plaintiff from leasing cars. The plaintiff contends that leasing cars is very helpful in assuring consistent patient care. Many nurses have cars that break down, or their cars are often needed by other members of their family. Some nurses do not want to use their cars for work. The plaintiff also claims that having leased cars available is helpful in recruiting nurses. Although the plaintiff has a legitimate business purpose in leasing cars, the government is in effect stopping the practice. Plaintiff argues that such action by the government is a violation of the prohibition against any Federal interference in the manner in which medical services are provided under Medicare, 42 U.S.C. 1395. According to the plaintiff the Federal government is telling the plaintiff how to best run his business.

The government denies that it has violated the Medicare Act by interfering with the plaintiff's manner of providing health care. The plaintiff would have the Court read 42 U.S.C. 1395 as a blank check to spend as much as HHC wants to on transportation. 42 U.S.C. 1395, which prohibits government interference, must be balanced with 42 U.S.C. 1395x(v)(1)(A) which limits spending to "reasonable costs." The defendant further argues that HHC has never been prevented from leasing cars. The government simply claims that HHC rented too many cars and did not use them enough. Medicare will not reimburse for poor business decisions or inefficiency.

■ The Court finds that the Secretary has violated the Medicare Act in disallowing some of the leased car costs. This violation occurs in that the Secretary is, in effect, forbidding the plaintiff from leasing cars for the home visiting staff. It is true that the plaintiff's leased car costs would have been allowed if they averaged 20 cents per mile, but the evidence indicates that a leased car has to be driven more than nine or ten thousand miles a year to reach a 20 cents per mile cost. The Court finds no evidence in the record that a nurse or other home visiting health professional would need to drive more than ten thousand miles per year to be making full use of a leased car. It appears to the Court that a nurse driving less than ten thousand miles a year could be making adequate use of a leased car. By setting too high a use goal for leased cars, the Secretary is in effect forbidding leased cars and consequently directing the operation of the plaintiff's business. The Court finds this to be a violation of 43 U.S.C. 1395. However the record indicates that only fifty percent of the disallowed leased car costs were for home visits; the balance was for administrative use. Therefore the Court finds that only the disallowance of home visit leased car costs violates the Medicare Act. These costs amount to $12,906.00 ($25,812.00 ÷ 2).

■ The plaintiff argues further that the Secretary violated Medicare regulations in disallowing leased car costs. These regulations are found in Part A Intermediary Letter 78–16 (I L 78–16). They require the intermediary to (1) identify providers "comparable" to the provider whose costs are being reviewed; (2) make an array of the costs of these providers that have been recognized as reasonable; and (3) measure the provider's costs in issue against the assembled range of costs. I L 78–16 at 2–3.

Certainly none of these regulations had been followed when Aetna first proposed the disallowance of some leased car costs. However, prior to the PRRB decision, Aet-

na did survey other providers' costs. Although the survey did not adequately distinguish between leased car use for home visits and leased car use for administrative business as required by I L 78–16, the Court does find it a reasonable guide for comparing plaintiff's leasing costs for administrative business. After excluding the Ft. Lauderdale provider whose costs are under review, the average costs per mile of the other agencies was 19.89 cents for 1978 and 16.25 cents for 1979. The 19.6 cents for 1978 and the 21.5 cents for 1979 allowed the plaintiff are comparable to the average costs of other providers. The Court finds no violation of the regulations by the Secretary in disallowing the plaintiff's excessive leasing costs for administrative business.

In view of the above findings, the Court sees no need to consider the plaintiff's argument that the Secretary acted in an arbitrary and capricious manner in disallowing leased car costs.

The remaining issue before the Court is the salary and travel costs of the "Community Program Implementor" that were disallowed by the Secretary. The PRRB found that the implementor's duties as described in the record could have been performed by the Administrator, the Executive Director or other employees. The Court finds substantial evidence in the record to support this decision. The plaintiff argues in the alternative that it should be reimbursed for whatever clerical functions the implementor performed. The Court agrees, but there is no testimony on record as to the extent of the clerical duties performed. The Court will not order a rehearing on this issue. The Court sustains the Secretary's disallowance of the "Community Program Implementor's" salary and travel costs.

An order in accordance with the foregoing will be issued of even date herewith.